IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT E. GORDON,

        Plaintiff,                  No. 2:12-cv-2224 CKD P

    vs.

CSP-SAC, et al.,

        Defendants.           ORDER

_____/

        Plaintiff, a former state prisoner, proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, his request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

1

U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff brings the instant complaint against various officials at California State Prison-Sacramento (CSP-SAC), where he was formerly incarcerated. Plaintiff has named four defendants: Assistant Warden McCumber, Captain Carter, Sergeant Watson, and Sergeant Rendon. (Dkt. No. 1 at 3.) On September 28, 2010, plaintiff slipped and fell off the top bunk in his cell while attempting to climb down. (Id.) Plaintiff alleges that the bunks at CSP-SAC are dangerous and that there is no safe way to climb down. (Id.) Plaintiff alleges that each named

1  defendant is involved because "the full administration at C.S.P. Sacramento has been fully aware
2  of the ongoing problem and dangers inside of [their] cells since claimant arrived in 2009, and
3  through 2010, making defendants fully responsible and liable for claimant's injuries and pain and
4  suffering."  (Id.)  Plaintiff claims that the foregoing violated his rights under the Eighth
5  Amendment.

6        The Eighth Amendment's prohibition of cruel and unusual punishment imposes
7  on prison officials, among other things, a duty to "take reasonable measures to guarantee the
8  safety of the inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer,
9  468 U.S. 517, 526-27 (1984)).  An inmate's Eighth Amendment rights can only be violated by a
10 prison official if that official exposes an inmate to a "substantial risk of serious harm," while
11 displaying "deliberate indifference" to that risk.  Id. at 834.  An official is deliberately indifferent
12 if he or she "knows of and disregards an excessive risk to inmate health or safety; the official
13 must both be aware of facts from which the inference could be drawn that a substantial risk of
14 serious harm exists, and he must also draw the inference.  Id. at 837.

15       In addition, there must be an actual connection or link between the actions of the
16 defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.
17 Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
18 person 'subjects' another to the deprivation of a constitutional right, within the meaning of
19 § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to
20 perform an act which he is legally required to do that causes the deprivation of which complaint
21 is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

22       Supervisory personnel are generally not liable under section 1983 for the actions
23 of their employees under a theory of respondeat superior and, therefore, when a named defendant
24 holds a supervisorial position, the causal link between the supervisor and the claimed
25 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
26 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

3

941 (1979).  In addition, vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, plaintiff fails to adequately allege the personal involvement of the named defendants with regard to the incident of September 28, 2010.  In addition, plaintiff's allegations fail to rise to the level of a potential Eighth Amendment violation in general.  Even if the defendants were aware of a risk to inmate safety because of dangerous bunk beds, they cannot be held liable under the Eighth Amendment unless they were "deliberately indifferent" to that risk.  As discussed, deliberate indifference requires much more than a showing of mere indifference or negligence.

Construing the complaint and its attachments in the light most favorable to plaintiff, the court finds that plaintiff has not alleged that any named defendant's actions rose to the level of an Eighth Amendment violation.  Nor has plaintiff stated a cognizable claim for any other constitutional violation.  Although it is possible that the deficiencies described herein may not be curable by amendment, the complaint will be dismissed with leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

If plaintiff chooses to amend his complaint to attempt to state a cognizable claim, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  As stated earlier, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.

1    In addition, plaintiff is hereby notified that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Forsyth v. Humana</u>, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967)).  If plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 2) is GRANTED;

2. Plaintiff's complaint (Dkt. No. 1) is DISMISSED; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: February 25, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
gord2224.14a.new